| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>Jeffrey Kurtzman, Esquire (JK-7689)<br>**KURTZMAN \| STEADY, LLC**<br>101 N. Washington Avenue, Suite 4A<br>Margate, NJ 08402<br>kurtzman@kurtzmansteady.com<br>Telephone: (856) 428-1060<br><br>Attorneys for PREIT Services, LLC, as agent for Cherry Hill Center, LLC | |
| In re:<br><br>BISTRO AT CHERRY HILL[1],<br><br>                    Debtor. | Case No. 25-14608 (JNP)<br><br>Chapter 11<br><br>Hearing Date: July 8, 2025 at 11:00 a.m. |

### MOTION OF PREIT SERVICES, LLC, AS AGENT FOR CHERRY HILL CENTER LLC, FOR AN ORDER (A) COMPELLING THE PAYMENT OF POST-PETITION RENT AND RELATED LEASE OBLIGATIONS PURSUANT TO 11 U.S.C. §365(d)(3) OR (B) IN THE ALTERNATIVE, <u>CONVERTING DEBTOR'S CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7</u>

The motion of PREIT Services, LLC ("PREIT"), as agent for Cherry Hill Center LLC (the "Landlord"), by and through its undersigned attorneys, for an order (A) compelling the payment of post-petition rent and related lease obligations pursuant to 11 U.S.C. §365(d)(3) by the above-captioned reorganized debtor (the "Debtor"), as more particularly described herein, or (B) in the alternative, converting the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code, respectfully represents as follows:

### <u>JURISDICTION AND VENUE</u>

---

[1] The legal name of the debtor is the Bistro at Cherry Hill, Inc.

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1334 and 157. This matter is a core proceeding under 28 U.S.C. §157(b)(A) and (B).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (B).

## BACKGROUND

4. On May 1, 2025 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

5. This is the Debtor's second Chapter 11 filing since 2017[2].

6. This case resulted from the Debtor's inability to pay taxes and rent, among other operating expenses.

7. PREIT is the agent for the Landlord, which is the owner of the Cherry Hill Mall located in Cherry Hill, New Jersey (the "Property").

8. The Debtor leases commercial premises at the Property for the operation of a prestaurant. pursuant to an unexpired nonresidential real property lease dated August 23, 2011, as amended (the "Lease"). A copy of the Lease is annexed hereto and made a part hereof as Exhibit "A".

9. As of the Petition Date, the Debtor was in material default under the Lease by virtue, among other things, of its failure to pay rent timely and in full. The amount due under the Lease as of the Petition Date was $303,884.69.

10. As a result of the Debtor's defaults under the Lease, the Landlord obtained respective pre-petition state court judgments against the Debtor for money damages and for possession of the leasehold premises.

---

[2] The Debtor's prior Chapter 11 case was filed at Case No. 17-16167 (ABA).

11. On April 10, 2025, approximately three weeks before the Petition Date, the Debtor and the Landlord entered into a forbearance agreement (the "Forbearance Agreement"), a copy of which is annexed hereto and made a part hereof as Exhibit "B".

12. The Forbearance Agreement required the Debtor to make weekly payments to the Landlord in the amount of $15,000.00.

13. As was the case with the Lease, the Debtor defaulted under the Forbearance Agreement by failing to remit the payments required thereunder.

14. The Debtor has made post-petition payments totaling $10,000.00 on May 30, 2025. In contrast, the amount due under the Lease and the Forbearance Agreement for the period from the Petition Date to June 1, 2025 was $75,000.00. In addition, a full month after the Petition Date, the Debtor has failed to file schedules of assets and liabilities or a statement of financial affairs.

15. Upon information and belief, the Debtor has similarly failed to satisfy its ongoing post-petition tax obligations and is incurring post-petition liabilities that exceed its ability to pay.

16. PREIT and the Landlord have attempted to resolve the issues raised in this Motion without the need for this Court's intervention. However, except for the $10,000.00 payment described above, the Debtor has failed to satisfy the accrued post-petition arrears under the Lease or the Forbearance Agreement despite promises by the Debtor's principal that such payments would commence.

17. For the reasons hereinafter set forth, PREIT and the Landlord respectfully request the entry of an order (A) pursuant to §365(d)(3) of the Bankruptcy Code directing the Debtor immediately to satisfy the unpaid post-petition lease obligations described herein, together with all other post-petition amounts due or to become due under the Lease and the Forbearance

Agreement, or, (B) in the alternative, converting the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code pursuant to §1112(b).

## THE RELIEF REQUESTED AND THE REASONS THEREFOR

**A. The Debtor Is Required to Pay Obligations Under the Lease Timely and in Full Under §365(d)(3).**

18. Section 365(d)(3) of the Bankruptcy Code provides, in relevant part, as follows:

> The trustee shall timely perform all of the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

19. By operation of §365(d)(3), the Debtor is obligated to pay post-petition rent and related lease obligations timely and in full as provided in the Lease for each month in which the Lease remains in effect.

20. As of the date of this Motion, and despite the statutory mandate contained in §365(d)(3), the Debtor has failed to pay the obligations arising under the Lease as of both May 1 and June 1, 2025.

21. By this Motion, the Landlord seeks an order compelling the Debtor immediately to satisfy its accrued, unpaid post-petition lease obligations, as required by the statute.

22. As of the date hereof, the post-petition arrears under the Lease and the Forbearance Agreement total $65,000.00.

**B. In the Event that the Debtor is Unable to Satisfy Post-Petion Obligations, the Case Should be Converted to a Case Under Chapter 7.**

23. In the event that the Debtor lacks the resources to meet its post-confirmation operating expense obligations, which appears to be beyond contravention, conversion to Chapter 7 is appropriate.

24. In this regard, §1112(b) of the Bankruptcy Code provides, in relevant part, that "…after notice and a hearing, the court **shall** convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause…" (Emphasis added). Section 1112(b)(4) sets forth a non-exclusive list of matters rising to the level of "cause" for conversion or dismissal, including a debtor's inability to effectuate the substantial consummation of a confirmed plan. See, 11 U.S.C. §1112(b)(4)(M) and (N).

25. The Debtor's failure to pay post-petition rent strongly implies that the Debtor is unable to generate sufficient cash flow to formulate and confirm a plan and therefore to remain in Chapter 11.

## **CONCLUSION**

26. For the foregoing reasons, PREIT and the Landlord respectfully request the entry of an order pursuant to §365(d)(3) of the Bankruptcy Code directing the Debtor immediately to satisfy the unpaid post-petition balance arising under the Lease and to satisfy any future post-petition, pre-rejection lease obligations timely and in full or, alternatively, converting the Debtor's Chapter 11 case to a case under Chapter 7 pursuant to §1112(b) of the Bankruptcy Code.

WHEREFORE, PREIT Services, LLC, as agent for Cherry Hill Center LLC, respectfully requests the entry of an order granting the foregoing relief, together with such other and further relief as is just and proper.

Dated:  June 2, 2025  **KURTZMAN | STEADY, LLC**

By:/s/ Jeffrey Kurtzman
Jeffrey Kurtzman, Esquire
101 N. Washington Avenue, Suite 4A
Margate, NJ 08402
Telephone: (215) 839-1222
Email:  kurtzman@kurtzmansteady.com

Attorneys for PREIT Services, LLC, as agent for Cherry Hill Center LLC